IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:94-CR-00188-JO-3 |
| Plaintiff, | |
| v. | ORDER TO REDUCE SENTENCE |
| MICHAEL GOFF, | |
| Defendant. | |

The defendant, Michael Goff, through his attorney, Thomas E. Price, together with the attorney for the government, Assistant United States Attorney Amy Potter, jointly moved this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served with the imposition of a 60 months (5 years) period of supervise release.

As a special condition of that supervised release, and in order to achieve just punishment in consideration of 3553(a) factors the period of time between release and April 11, 2020, must be served in home confinement.

As amended by the First Step Act, the compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Thirty days have elapsed since Mr. Goff

Page 1   ORDER TO REDUCE SENTENCE

initiated a request for compassionate release consideration with the warden of FCI McDowell. Accordingly, this motion is properly before this Court.

Mr. Goff is a 57-year-old black man who suffers from Latent Tuberculosis Infection (LTBI). Mr. Goff is in custody at FCI McDowell, West Virginia. Including good time credit and based on his projected release date of April 11, 2021, Mr. Goff has approximately 7 months remaining on his remaining District of Oregon 84 months sentence.

Based on all of the relevant circumstances, the parties agree that this case presents extraordinary and compelling reasons to reduce Mr. Goff's sentence to time served effective 72 hours after this order is issued to allow time for BOP to work with Immigration authorities and arrange any transportation as well as upon confirmation of a negative COVID test. Additionally, the parties agree that the requested sentence reduction would be consistent with the sentencing factors under 18 U.S.C. § 3553(a) and the applicable policy statement in U.S.S.G. § 1B1.13.

Mr. Goff release residence, at the home of his sister in California, as of October 19, 2020, has been approved by the U.S. Probation Office. Mr. Goff will have a bedroom available to him and the ability to quarantine for 14 days upon release.

For all of the foregoing reasons, the Court finds that compassionate release should be granted and ORDERS that Mr. Goff sentence be amended to one of time-served. Upon release from confinement, the Court modifies the original judgment and further ORDERS that a 60 months' (5 years) term of supervised release be imposed in order to achieve just punishment under 18 U.S.C. § 3553(a).

In relation to Mr. Goff's pending immigration matter, if ordered deported from the United States, Mr. Goff is ordered that he must remain outside the United States, unless legally authorized

to re-enter. If he re-enter the United States, he must report to the nearest probation office within 72 hours after his return.

If the defendant is released from U.S. Immigration and Customs Enforcement (ICE) custody, he must comply with all of the conditions and requirements of ICE during the pendency of his immigration case.

The defendant must participate in a location monitoring program until April 11, 2021. During this period, the defendant is subject to home detention and his movement in the community is restricted as follows: The defendant is restricted to his approved residence at all times, except for employment, education, religious services, medical treatment, mental health or substance abuse treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the probation officer. Unless otherwise specified by the Court, the defendant's participation in the location monitoring program will be monitored using technology approved by the probation officer, which may include radio frequency (RF) monitoring, GPS monitoring, or voice recognition. The defendant must abide by all technology requirements. The defendant must follow the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court or the probation officer.

In addition, the defendant must submit his person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Page 3   ORDER TO REDUCE SENTENCE

The defendant must participate in a substance abuse treatment, or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if the defendant has used drugs or alcohol. The defendant must not attempt to obstruct or tamper with the testing methods.

The defendant must submit to substance abuse testing to determine if you have used a prohibited substance. Such testing may include up to twelve (12) urinalysis tests per month. He must not attempt to obstruct or tamper with the testing methods.

Dated this 20th day of October 2020.

/s/ Robert E. Jones
The Honorable Robert E. Jones
Senior United States District Court Judge